**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Kevin Rondeau

    v.                                                Civil No. 10-cv-53-PB

Hon. Bruce Larson, et al.[1]

**REPORT AND RECOMMENDATION**

    Kevin Rondeau has filed a complaint (document no. 1),
claiming that defendants have violated a number of rights
accruing to him under state and federal law.  Because Rondeau is
proceeding pro se and in forma pauperis, the matter is before me
for preliminary review to determine whether or not the complaint
(document no. 1) states any claim upon which relief might be
granted.  See 28 U.S.C. § 1915(a)(1); United States District
Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

Standard of Review

    Under this Court's local rules, when a person commences an
action pro se and in forma pauperis, the Magistrate Judge
conducts a preliminary review.  LR 4.3(d)(1).  In conducting the
preliminary review, the Court construes all of the factual

---

[1]The named defendants to this action are Rochester District
Court Judges Bruce Larson and Sharon DeVries, the City of
Rochester, New Hampshire, Rochester City Manger John Scruton,
Rochester Police Chief David Dubois, Mullaney & Richardson, P.A.,
John G. Richardson, Esq., and Cindy Wallace.

assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" <u>Id.</u> (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950 (citation omitted).

<u>Background</u>

In March 2006, Kevin Rondeau rented an apartment in Rochester, New Hampshire, from Cindy Wallace.  Rondeau claims that shortly after moving into the apartment, Wallace began to make sexual advances toward him.  Wallace was unhappy when Rondeau rejected her advances.  Wallace refused to leave Rondeau alone or to allow him to peacefully enjoy his rented property. Rondeau contends that to retaliate against Rondeau for his rejection of her, Wallace then "recruited" Rochester Police Chief David Dubois and realtor Grace Drapeau to harass Rondeau.  This harassment consisted of intrusions on Rondeau's space under the pretext of showing the apartment to prospective buyers of the

building, unannounced and at unreasonable hours.  Rondeau states
that he refused to surrender his right to peacefully enjoy his
privacy and rental property.  The complaint does not state what
Rondeau did in order to express this refusal.

Shortly thereafter, Wallace advised Rondeau that she wanted
him out of the apartment immediately.  Rondeau told Wallace he
had no intention of moving out, as he had just established
himself in the apartment, and had spent time and money in the
effort.  Rondeau also claims he had paid his rent.  Wallace
threatened to involve Dubois in her efforts to get Rondeau out of
the apartment.

On July 27, 2006, Rondeau was served with a Landlord/Tenant
Writ initiated by Wallace to have him evicted from the apartment.
A hearing on the merits was scheduled in the Rochester District
Court on July 11, 2006.  On that date, Rondeau appeared in Court
prepared to present his arguments that the Writ was frivolous and
based on fraud.  Rondeau states that Judge Bruce Larson
interfered with Rondeau's presentation by forcing Rondeau, over
his objection, to be represented by Attorney John Richardson, who
was serving as Wallace's attorney in the proceedings and who,
Rondeau claims, was also a friend of Dubois.  Rondeau claims that

4

the appointment was a political favor granted by Judge Larson, presumably to Dubois and/or Richardson.  Rondeau claims that once he objected to Richardson's appointment, Judge Larson abruptly terminated the hearing without allowing Rondeau to present his argument.

The paperwork attached to Rondeau's complaint[2] indicates that on July 27, 2006, Richardson filed a Motion for Immediate Writ of Possession in the Rochester District Court.  That motion indicated that the Court had issued an Order in Wallace's favor on July 11, 2006, that Rondeau had then filed a notice of appeal of the order on July 16, 2006, but that Rondeau had not yet left the apartment.  Rondeau had been ordered to pay $200 for each week that he remained in the apartment while the appeal was pending, but had not made any such payments.  On July 28, 2006, Judge Sharon DeVries granted the Motion.

Rondeau alleges that his apartment was unreasonably seized from him when Dubois removed him from the apartment pursuant to the July 28, 2006 Order.  Rondeau further alleges that during his removal from the apartment, he was unreasonably arrested and

---

[2]All of the documents attached to Rondeau's complaint will be considered to be part of the complaint.  See Fed. R. Civ. P. 10(c) (requiring that written instruments attached to a pleading be construed as part of the pleading "for all purposes").

5

charged with an unspecified crime.  Rondeau claims a multitude of
harms from these incidents including, but not limited to: serious
physical and emotional injury, discrimination, loss of
employment, loss of housing, financial hardship, loss of voting
rights, harm to his intended 2010 Congressional candidacy,
ongoing pain and suffering, loss of property, interference with
parental rights, and medical expenses.

Discussion

I.   The Claims

Rondeau asserts claims for relief arising under a number of
sources, including, inter alia, the Declaration of Independence;
numerous articles of and amendments to the United States
Constitution; the New Hampshire Constitution and other state
laws; the Racketeer Influenced Corrupt Organizations Act, 18
U.S.C. § 1962, et seq.; 42 U.S.C. §§ 1983, 1985, 1986 & 1988; and
federal criminal statutes.  Rondeau further alleges a conspiracy
between the defendants to deprive him of his constitutional
rights.  The crux of Rondeau's complaint, however, is that he was
improperly evicted from his apartment pursuant to the actions of
the defendants taken during and pursuant to the Rochester
District Court landlord-tenant action, resulting in deprivations
of his rights.

II.  The Rooker-Feldman Doctrine

"The Rooker-Feldman doctrine, with certain exceptions such as habeas corpus, precludes a lower federal court from entertaining a proceeding to reverse or modify a state judgment or decree to which the [plaintiff] was a party." Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003).  The doctrine -- named for a line of cases derived from D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fid. Trust Co., 263 U.S. 413 (1923) -- "precludes [federal district] courts from exercising subject matter jurisdiction where the issues presented in the case are 'inextricably intertwined' with questions previously adjudicated by a state court, such that the federal district court would be . . . reviewing a state court decision for error." Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 (1st Cir. 2003) (footnote and citations omitted); see also Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999).  As explained more fully below, Rooker-Feldman precludes this court from exercising jurisdiction over Rondeau's asserted claims.

A.   State Proceedings Have Ended

Rooker-Feldman applies when the losing party in state court files suit in federal court after the state proceedings have ended.  See Federacion de Maestros v. Junta de Relaciones del

7

<u>Trabajo</u>, 410 F.3d 17, 21 (1st Cir. 2005) (citations omitted).  A
court will find that underlying state court proceedings have
ended if the highest state court in which review is available has
affirmed the judgment below and nothing is left to be resolved,
rendering the judgment susceptible to certiorari review under 28
U.S.C. § 1257.  <u>See</u> <u>Federacion</u>, 410 F.3d at 24-25.  Here, Rondeau
filed a notice of appeal in 2006.  This case was not filed here
until 2010, allowing sufficient time for the New Hampshire
Supreme Court to decide the matter.  Although the complaint does
not specifically state that Rondeau lost his appeal, I can
reasonably conclude that, in the time that has passed since July
2006 when the notice of appeal was filed, the New Hampshire
Supreme Court has rendered a final judgment in this matter
adverse to Rondeau, and that the state landlord-tenant action has
therefore concluded.

    B.   <u>Claims Are Inextricably Intertwined</u>

    <u>Rooker-Feldman</u> precludes an exercise of jurisdiction over
certain federal claims that are "inextricably intertwined" with
issues decided by the state courts.  <u>Hill</u>, 193 F.3d at 39.
Claims are "inextricably intertwined" if "'the federal claim
succeeds only to the extent that the state court wrongly decided
the issues before it.'"  <u>Id.</u> (quoting <u>Pennzoil Co. v. Texaco,</u>

<u>Inc.</u>, 481 U.S. 1, 23, 25 (1987) (Marshall, J., concurring)).

Here, Rondeau directly complains about the ruling of the state courts, and the damage he suffered as a result.  The matter before this Court relies on the same set of facts, transactions, and circumstances as were litigated in the state court.  While Rondeau smatters his complaint generously with constitutional language and claims of legal entitlement, the only claims raised that squarely present themselves in Rondeau's allegations, after a generous reading of the complaint, arise out of Rondeau's dissatisfaction with the results of the state court landlord-tenant matter.

A litigant may not seek to reverse a final state court judgment simply by recasting his complaint in the form of a civil rights action.  <u>See</u> <u>Fortune v. Mulherrin</u>, 533 F.2d 21, 22 (1st Cir. 1976); <u>cf.</u> <u>Miller</u>, 586 F.3d at 59 (<u>Rooker</u>-<u>Feldman</u> bars jurisdiction where parties who lost in state court seek review and rejection of state court judgment on legal grounds not actually litigated in state court).  The proper recourse for a litigant in the state courts who is unhappy with the decisions of those courts is to pursue his appeal through the state appellate process, and then to the United States Supreme Court.  <u>See</u> <u>Miller</u>, 586 F.3d at 59 ("Only the Supreme Court of the United

9

States may invalidate state court civil judgments.").

This Court could not decide this matter in Rondeau's favor, or grant him relief, without specifically invalidating the actions of the state courts.  This is precisely the course of action precluded by the Rooker-Feldman doctrine.  See Lance v. Dennis, 546 U.S. 459, 464 (2006) (citation omitted); see also Miller, 586 F.3d at 59.  Accordingly, I recommend that Rondeau's complaint be dismissed pursuant to the Rooker-Feldman doctrine.

Conclusion

For the foregoing reasons, I recommend dismissal of this action in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landy B. McCafferty
United States Magistrate Judge

Date: July 12, 2010

cc:   Kevin Rondeau, pro se

LM:jba

10